UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 14 -20311 CR-SCOLA / VALLE

CASE NO.: _____

18 U.S.C. §1344
18 U.S.C. §1956(a)(2)(A)
18 U.S.C. § 982

UNITED STATES OF AMERICA,

v.

JAIME ENRIQUE OLAYA-MARROQUIN,
   a/k/a "Jaime Olaya,"

       Defendant.
_____/



FILED by _____ D.C.

MAY 0 8 2014

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## INDICTMENT

    The Grand Jury charges that:

### General Allegations

    At various times relevant to this indictment:

    1.    Countrywide Bank, N.A. was a subsidiary of Countrywide Financial Corporation and a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC); on April 27, 2009, it was acquired by Bank of America, the deposits of which were insured by FDIC.

    2.    Countrywide Home Loans, Inc., did business as America's Wholesale Lender and was a subsidiary of Countrywide Financial Corporation and an affiliate of Countrywide Bank N.A.

    3.    A "closing" is the legal event at which the transfer of an interest in real estate formally takes place, and is the point at which funds are transferred between the various parties, including from the lending institution to the buyer or to the seller on the buyer's behalf.  Such

funds are often passed through intermediaries referred to as a "closing agent" or a "title company."

4.      A "home equity loan" is a loan extended to a residential property owner which is secured by a mortgage lien on a property that the borrower already owns.

5.      A "refinance" is a mortgage loan taken on a property which is used to pay off a prior loan balance on the same property.

6.      A "short sale" takes place when the creditor under a mortgage loan agrees to having the property sold for an amount less than the total amount due on the loan, and agrees to release its lien and forego any further effort to collect the unpaid balance from the borrower.

7.      A "lending institution" is a bank or mortgage company, whether or not its deposits are insured by FDIC, which engages in the business of extending mortgage loans.

8.      A "financial institution" is a bank or other lending institution the deposits of which are insured by FDIC.

9.      A HUD-1 Settlement Statement (HUD-1) is a standard form required for the closing of all real estate transactions.  The HUD-1 itemizes all aspects of the closing for the lender, including payments made by the borrower, money due to the seller, and any fees paid to third parties in connection with the closing.

10.     A straw buyer is a person who is used by another to act as if he or she is the buyer of real estate, when in fact he or she is not putting any of his or her own money into the purchase, and will not be keeping or using the property.

## COUNT 1
## Bank Fraud
## (18 U.S.C. §1344)

1.      The General Allegations set forth above are re-alleged and fully incorporated herein by reference.

2.      From on or about March 30, 2007, through on or about July 13, 2007, in Miami-Dade and Broward Counties, in the Southern District of Florida, the defendant,

### JAIME ENRIQUE OLAYA-MARROQUIN,

did knowingly, and with intent to defraud, execute and cause the execution of, a scheme and artifice to defraud a financial institution, that is, Countrywide Bank, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute and cause the execution of, a scheme and artifice to obtain moneys, funds, assets, credits, and other property owned by and under the custody and control of a financial institution by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2) and 2.

### Purpose of the Scheme

3.      The purpose of the scheme to defraud was to allow the defendant to obtain funds from a financial institution to refinance an existing loan at a much lower interest rate, which funds would not have been provided to him based on a truthful loan application.

### Manner and Means

4.      The manner and means of the scheme to defraud involved submitting applications to re-finance a loan on residential property the defendant owned at 18121 S.W. 50th Street, Southwest Ranches, in the Southern District of Florida.  The defendant submitted mortgage loan applications through a subsidiary of Countrywide Bank, which contained false material

representations about his income, employment, assets, and citizenship. As a result of this false and fraudulent information, he obtained two loans totaling approximately $1.6 million. The defendant subsequently defaulted on the loan, causing a loss to the financial institution.

### Acts in Furtherance of the Scheme

On or about the dates set forth below, the defendant committed or caused the commission of the following acts, among others, in furtherance and execution of the scheme to defraud:

5.      On or about July 13, 2007, the defendant submitted a fraudulent uniform residential loan application for the purpose of obtaining a $1.4 million refinancing mortgage loan for the aforesaid property. The defendant falsely stated therein that he was a United States citizen, when in fact he was a citizen of Colombia and was admitted to the United States on a special parole visa. The defendant also falsely stated that his monthly income was $61,250 from his ownership of American Emerald Corporation.

6.      On or about July 13, 2007, the defendant submitted a fraudulent uniform residential loan application for the purpose of obtaining an additional $200,000 refinancing mortgage loan for the aforesaid property. In the application, the defendant falsely stated that he was a United States citizen when in fact he was a citizen of Colombia and was admitted to the United States on a special parole visa. The defendant also falsely stated that his monthly income was $61,250 from his ownership of American Emerald Corporation.

7.      On or about July 13, 2007, the defendant received the sum of $1.4 million from Countrywide Home Loans, Inc. in refinancing on the aforesaid property.

8.      On or about July 13, 2007, the defendant received an additional $200,000 from Countrywide Home Loans, Inc. in refinancing on the aforesaid property.

In violation of Title 18, United States Code, Sections 1344(1) and (2) and 2.

## COUNT 2
### Bank Fraud
### (18 U.S.C. §1344)

1.     The General Allegations set forth above are re-alleged and fully incorporated herein by reference.

2.     From in or around April 2009, through on or about August 6, 2010, in Miami-Dade and Broward Counties, in the Southern District of Florida, the defendant,

### JAIME ENRIQUE OLAYA-MARROQUIN,

did knowingly, and with intent to defraud, execute and cause the execution of, a scheme and artifice to defraud a financial institution, that is, Countrywide Bank, subsequently acquired by Bank of America, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute and cause the execution of, a scheme and artifice to obtain moneys, funds, assets, credits, and other property owned by and under the custody and control of said financial institution by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344 (1) and (2).

### Purpose of the Scheme

3.     The purpose of the scheme was to allow the defendant to maintain the use and control of the property at 18121 Southwest 50th Street, Southwest Ranches, in the Southern District of Florida, while eliminating the defendant's obligations to pay outstanding loans on the property.  To accomplish his purpose, the defendant arranged a fraudulent short sale of the property, causing a financial loss to Bank of America.

### Manner and Means

4.     The manner and means of the scheme to defraud included the following:

A.    The defendant owed Bank of America for two mortgage loans on the property totaling in excess of $1.6 million.  In order to escape liability for this debt, he reported to Bank of America that he did not have the funds to continue making payments on the loans.  He thereby obtained approval for a short sale of the property for the sum of $430,000, upon completion of which he would be relieved of any further obligations on the mortgage loans.

B.    As part of this scheme the defendant recruited a straw buyer to pretend to purchase the property for her own use.  In reality, the defendant provided the straw buyer with the $430,000 purchase money.   After the transfer of title to the straw buyer, the lending institution relieved the defendant of any further obligation to repay his loans, suffering a loss of approximately $1.2 million. The defendant nonetheless retained the use and benefit of the property.

### Acts in Furtherance of the Scheme

On or about the dates set forth below, the defendant committed or caused the commission of the following acts, among others, in furtherance and execution of the scheme to defraud:

5.    On or about April 21, 2009, the defendant caused the submission of information to Bank of America which falsely claimed the he had insufficient resources to continue making loan payments.

6.    In or around January 2010, the defendant recruited a straw buyer to purchase the property through a fraudulent short sale.

7.    On or about January 26, 2010, the defendant and the straw buyer signed a contract for the sale of the property to the straw buyer for the price of $430,000.

8.    On or about February 1, 2010, the defendant signed  a sales listing agreement with a realtor to provide the realtor exclusive rights to sell the property at a short sale.  Such listing

was required by the lending institution prior to approval of any short sale.

9.      On or about July 1, 2010, the defendant caused the sum of $150,000 to be wired into the United States from Colombia to be used by the straw buyer as a portion of the purchase price for the property.

10.      On or about July 12, 2010, the defendant caused the sum of $280,000 to be wired into the United States from Colombia to be used by the straw buyer as the remaining portion of the purchase price for the property.

11.      On or about July 22, 2010, to complete the short sale, the defendant signed and submitted a HUD-1 which falsely stated that the straw buyer had put $428,307 of her own money into the purchase.

12.      On or about August 6, 2010, Bank of America canceled the defendant's obligations to repay the remaining $1.2 million balance on his loans.

13.      Following the short sale, the defendant maintained custody, control and use of the property.

In violation of Title 18, United States Code, Sections 1344 (1) and (2) and 2.

### COUNT 3
**Money Laundering**
**(18 U.S.C. §1956(a)(2)(A))**

On or about July 1, 2010, in Broward County, Florida, in the Southern District of Florida and elsewhere, the defendant,

**JAIME ENRIQUE OLAYA-MARROQUIN,**

knowingly caused the transfer of funds from a place outside the United States to a place in the United States, that is the transfer of approximately $150,000 from Colombia to the Southern District of Florida, with the intent to promote the carrying on of specified unlawful activity, that

is, financial institution fraud in violation of Title 18, United States Code, Section 1344.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT 4
### Money Laundering
### (18 U.S.C. §1956(a)(2)(A)

On or about July 12, 2010, in Broward County, Florida, in the Southern District of Florida and elsewhere, the defendant,

### JAIME ENRIQUE OLAYA-MARROQUIN,

knowingly caused the transfer of funds from a place outside the United States to a place in the United States, that is, the transfer of approximately $280,000 from Colombia to the Southern District of Florida, with the intent to promote the carrying on of specified unlawful activity, that is, financial institution fraud in violation of Title 18, United States Code, Section 1344.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant,

### JAIME ENRIQUE OLAYA-MARROQUIN,

has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America all of his or her respective right, title and interest in any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2).

8

3.     Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America all of his respective right, title and interest in any property, real or personal, involved in such violation, or in any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Section 982(a), and the procedures outlined at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

JAIME ENRIQUE OLAYA-MARROQUIN,

               Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

✓ Miami    ____ Key West
____ FTL    ____ WPB    ____ FTP

New Defendant(s)    Yes ____    No ____
Number of New Defendants    ____
Total number of counts    ____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No)   No
    List language and/or dialect    _____

4.   This case will take   5   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

   (Check only one)       (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | ✓ | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | ____ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | ✓ |
| V | 61 days and over | ____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No)   No
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?   (Yes or No)   No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)   No

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes   ✓ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes   ✓ No

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 261289

*Penalty Sheet(s) attached

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: JAIME ENRIQUE OLAYA-MARROQUIN

**Case No:**_____

Count #: 1 and 2

Bank Fraud

Title 18, United States Code, Section 1344

**\* Max.Penalty**:  30 Years' Imprisonment

Counts #: 3 and 4

Money Laundering

Title 18, United States Code, Section 1956

**\* Max.Penalty**:  20 Years' Imprisonment

Count #:

_____

_____

**\* Max.Penalty**:

Count #:4

_____

_____

**\* Max.Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**